**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| EMERSON PROCESS MANAGEMENT, LLLP,<br><br>Plaintiff,<br><br>vs.<br><br>BANERTEK LLC,<br><br>Defendant. | Case No.:<br><br>JURY TRIAL DEMAND |

# COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

COMES NOW Plaintiff Emerson Process Management, LLLP ("Emerson Process Management"), by and through its attorneys, Husch Blackwell LLP, and for its Complaint against Banertek LLC ("Banertek") hereby alleges, as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of United States Patent No. 6,839,731 ("the '731 patent"), entitled "System and Method for Providing Data Communication in a Device Network." A true and correct copy of the '731 patent is attached as Exhibit A.

2. Upon information and belief, the '731 Patent was applied for on or about May 20, 2003, by inventors Bruce Alexander, David Antal, Matthew Litke, Christoph Schebel and Paul Thompson, claiming priority to U.S. Provisional Application No. 60/382,035 filed on or about May 20, 2002. The '731 patent was issued on or about January 4, 2005. Vigilos, Inc. was the original owner via an assignment from the inventors on or about September 8, 2003. Upon information and belief, Vigilos, Inc. assigned its rights to Boulder River Holdings, LLC on or

about May 11, 2010; Boulder River Holdings, LLC assigned its rights to Vigilos, LLC on or about May 28, 2010; Vigilos, LLC assigned its rights to Olivistar LLC on or about March 28, 2014; and Olivistar LLC assigned its rights to Banertek LLC on or about June 10, 2016.

3. Based on the June 10, 2016 assignment, Banertek purports to be the owner of all right, title, and interest in the '731 patent.

4. Emerson Process Management seeks judgment under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**THE PARTIES**

5. Emerson Process Management is a Limited Liability Limited Partnership, organized under the laws of Delaware, having its principal place of business at 1100 W. Louis Henna Blvd., Building One, Round Rock, Texas, 78681-7430.

6. Upon information and belief, Defendant Banertek is a Limited Liability Company, organized under the laws of Texas on or about May 3, 2016. It has no principal place of business but purports to maintain a "virtual office" at 8992 Preston Road, Suite 110-700, Frisco, Texas 75034. Upon information and belief, it owns the '731 patent for the purpose of asserting it in litigation in patent infringement lawsuits and it receives revenue from defendants with whom it has reached settlement agreements based on litigation. Banertek's Registered Agent for service of process is InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, TX 78701.

**THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES**

7. On March 30, 2017, Banertek filed a patent infringement lawsuit asserting the '731 patent against Emerson Electric Co. ("Emerson Electric") in the Eastern District of Texas. That case, which is pending, is styled *Banertek LLC v. Emerson Electric Co.*, Civil Action No.

2:17-cv-00243-JRG-RSP ("the Eastern District of Texas Litigation"). Emerson Electric's attorneys, Husch Blackwell LLP, have entered their appearance for Emerson Electric and sought an unopposed extension of time to respond to the Complaint therein.

8. In the Eastern District of Texas Litigation, Banertek asserts that certain products allegedly used, made, offered for sale and sold by Emerson Electric in Texas directly and indirectly infringe method claims of the '731 patent. Specifically, in the Eastern District of Texas Litigation, Banertek alleges that Emerson Electric "makes, uses (including by having its employees test), markets and sells or otherwise provides" the product described as "a WirelessHart distributed control system and method for providing data communication in a device network" and referred to by Banertek as "the Accused Emerson Instrumentality."

9. In the Complaint filed by Banertek in the Eastern District of Texas Litigation, Banertek asserts that the Accused Emerson Instrumentality infringes at least claims 1, 2 and 15 of the '731 patent because "Emerson provides a distributed control system including one or more premises-server computing devices (e.g., the WirelessHart [sic] Gateway) in communication with a number of input and/or output devices (e.g., the end Wireless Hart devices), a central communication device (e.g., the main server computer having all the databases), and at least one client computing device (e.g., any computer device with the software installed in it for remote monitoring/control purpose) in communication with the central communication device, a method for processing device data, e.g., 'the Accused Emerson Instrumentality', wherein the premises-server computing devices and client computing devices can be handheld or desktop devices onto which software has been downloaded and which transforms such devices into the claimed premises-server computing devices and client computing devices, respectively, that enable

parties to communicate with one another based on common identification attributes specified by such parties."

10. Emerson Electric does not make or sell any of the components of the system accused in the Eastern District of Texas Litigation and does not engage in any of the aforementioned acts of infringement, nor would any review of the public record suggest that it does. Emerson Electric is a publicly traded company. Had Banertek reviewed Emerson Electric's SEC Form 10-K filings and other publicly available information, including information found on Emerson Electric's and its direct and indirect subsidiaries' websites would have readily revealed this fact. Emerson Electric is a non-operating holding company as to the technology that is the subject of the Eastern District of Texas Litigation.

11. Specifically, Emerson Electric also does not make, use, provide, offer for sale, or sell the product described as "a WirelessHart [*sic*] distributed control system and method for providing data communication in a device network."

12. Emerson Process Management, on the other hand, does offer for sale and sells the DeltaV Distributed Control System, which is a distributed control system consisting of hardware and software which system is capable of including devices that utilize either the HART or the WirelessHART open standard communication protocols.

13. WirelessHART was developed by the HART Communication Foundation, which consists of over 230 members worldwide, as an open standard designed for the unique demands of process industries. WirelessHART is the latest evolutionary enhancement of the global HART standard and integrates the proven field communications, networking and security protocols of HART into a simple, reliable and secure wireless standard.

14. Emerson Process Management has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '731 patent, either literally or under the doctrine of equivalents.

15. By virtue of the foregoing, a substantial controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

**JURISDICTION AND VENUE**

16. Based on the Complaint filed by Banertek, an actual, justiciable controversy now exists between Emerson Process Management and Banertek relating to the '731 Patent.

17. This is a complaint for declaratory judgment relief under the patent laws of the United States, 35 U.S.C. §1.

18. Emerson Process Management seeks declaratory relief under 28 U.S.C. §§2201 and 2202.

19. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, the Federal Declaratory Judgment Act, and 28 U.S.C. §§ 2201 and 2202.

20. This Court has personal jurisdiction over Banertek. According to Banertek's Complaint in the Eastern District of Texas Litigation: it is present within or has minimum contacts within the State of Texas; it has purposefully availed itself of the privileges of conducting business in the State of Texas; it has sought protection and benefit from the laws of the State of Texas; it regularly conducts business within the State of Texas; and its cause of action arises directly from Defendant's business contacts and other activities in the State of Texas.

21. Upon information and belief, Venue is proper in the Western District of Texas under 28 U.S.C. §1391(b)(1), because Banertek, to the extent it resides anywhere, resides in this district because it is a Texas limited liability company, subject to personal jurisdiction in the

State of Texas, and its contacts within this district are sufficient to subject it to personal jurisdiction. Alternatively or additionally, venue is proper in the Western District of Texas under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim herein occurred in, and a substantial part of the property that is the subject of the action is situated in, the Western District of Texas. Alternatively, venue is proper in the Western District of Texas under 28 U.S.C. §1391(b)(3), because Banertek is subject to personal jurisdiction in Texas and the Western District of Texas with respect to the claim.

## CLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ‘731 PATENT

22. Emerson Process Management re-alleges and incorporates by reference the allegations set forth in paragraphs 1-21 above.

23. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. A judicial declaration is necessary and appropriate so that Emerson Process Management may ascertain its rights regarding the ‘731 patent.

25. Emerson Process Management’s using, selling, and offering for sale of a DeltaV Distributed Control System, with the WirelessHART protocol and WirelessHART devices and computer hardware and software, and similarly situated products, or parts thereof, do not constitute infringement of any valid and enforceable claim of the ‘731 patent, including claims 1, 2 and 15, all of which are method claims.

26. Emerson Process Management is entitled to a declaratory judgment that it has not infringed, and does not infringe, literally or under the doctrine of equivalents, any valid and

enforceable claim of the ‘731 patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Emerson Process Management prays relief as follows:

A declaration that Emerson Process Management has not infringed, either directly or indirectly, any valid and enforceable claim of the ‘731 patent;

An order declaring that Emerson Process Management is a prevailing party and that this is an exceptional case, awarding Emerson Process Management its costs, expenses, disbursements, and reasonable attorney’s fees under 35 U.S.C. §285, 28 U.S.C. § 1927, and all other statutes, rules, and common law;

That Banertek be ordered to pay all costs associated with this action; and

That Emerson Process Management be granted such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Emerson Process Management demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATE: May 2, 2017

Respectfully submitted,

By: _/s/ Thomas H. Watkins_
Thomas H. Watkins
Texas Bar No. 20928000
Email: tom.watkins@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701-4093
512-472-5456 Telephone
512-479-1101 Facsimile

***Attorneys for Plaintiff Emerson Process Management, LLLP***